## DISTRIBUTION UNDER A WILL BEFORE IT WAS SET ASIDE.

Common Pleas Court of Knox County.

IN THE MATTER OF THE ESTATE OF PHEBE THOMPSON. DECEASED.

Decided, 1921.

*Estates of Decedents—Assets Distributed under Terms of the Will at a Family Meeting—Will Subsequently Set Aside—Executor not Liable for Funds so Distributed though Made Without Order of the Probate Court—Personal Note of Executor Surrendered to Him —Must Stand Charged with Amount of the Note and the Legacy Paid to Him—Remainder of Distribution Valid.*

1. Where a will has been probated, executors named in will appointed, appraisement made, filed and approved, and the administration has proceeded to and through the approval by the probate court of the first and the second partial accounts, the personal assets being then practically but not finally distributed, at which stage of the administration of the trust a will contest is begun and concluded setting aside the will, and where, on final accounting thereafter by the acting executor—the other executor having been removed— it appears that shortly after the probate of the will and appointment of executors of the estate, but before the assets were appraised and without any report to or any order of the probate court, $15,000 of the assets were distributed at a family meeting in which the executors, guardian of a minor legatee, and the testamentary trustee of all of the minor legatees under the will were parties participating; and it is made to appear to the court on the hearing of said final account on exception thereto that all payments made in said distribution of $15,000 were made in consonance with the terms of the will, especially to the person named in the will, and it further being made to appear to the court from all of the evidence adduced on exceptions seeking to hold said acting executor liable therefore, that a court of chancery would have authorized all of said payments in said distribution and there being no debts or special legacies forbidding, had proper application been made pending the validity of the will—

*Held*—said acting executor will not be charged, nor does he stand charged with said funds so distributed and the interest thereon or any part thereof on final accounting, though made without order of the probate court; nor is he legally liable to refund, repay, or pay said sum so distributed to the estate or the heirs thereof, though the law in the case required a different distribution from the will, since the distribution was made in accordance with the

terms of the will pending its validity. and under such circumstances a court of chancery would have authorized it on proper application.

2. Where in such case said acting executor, at said family meeting, is surrendered his personal note of $500 due his decedent, as and for services rendered during her life time—

*Held*: said surrender is unlawful, and said executor will be charged and stands charged to pay said note with interest thereon, the code of Ohio being mandatory in the method in which an executor must make claim against his decedent's estate, Section 10727 *et seq.*

3. When in such case the acting executor is a legatee under such will, and as such draws his legacy of $1,000, which was carried into his account, approved by the probate court, from the fact that he is not an heir-at-law of said decedent, and since said will has been set aside, he will be charged and stands charged to refund said legacy together with interest at 6 per cent thereon from the date of the filing of exceptions to his final account. In such a case the provision of Section 10635 are applicable and control.

*C. H. Workman* of Mansfield and *P. A. Barry* of Mt. Vernon, for the estate.

*Robert A. Carr*, of Cleveland, for the exceptor.

WOOD, Judge.

This cause comes into this court on appeal from the probate court of Knox county, and is in this court for hearing on the exceptions of one Harriet T. Miles, one of the heirs of Phebe Thompson, deceased, to the first, second and final accounts or H. C. Swetland executor of said estate.

Phebe Thompson died in the year 1907, posessed of a large estate, and leaving a purported last will and testament which was probated and thereafter set aside.

In this purported will H. C. Swetland and C. E. Miles, sons-in-law of Phebe Thompson, were appointed executors without bond, and May Swetland, wife of H. C. Swetland, was appointed trustee by the will, without bond, for the three grandchildren, who shared equally in the residue of the estate after certain legacies were paid.

Swetland and Miles both qualified as executors, but Miles was later removed as executor on failure to file an account. Swetland filed two accounts, and on the will being set aside, filed his final account, to which exceptions were filed.

The exceptions are 19 in number, and the first 13, with the exception of number 8 may be said to apply to one transaction.

After probating the will, and after Swetland and Miles had been appointed executors, Mr. and Mrs. Swetland and Miles, who was the the guardian of Harriet Miles, the exceptor herein, held a meeting in January 1908, at which time $15,000 of the notes and other securities were divided up, $5,000 going to Miles and $10,000 going to the Swetlands.

The vital question is, should Swetland, the acting executor, be charged at this time with the $15,000?

It will be presumed in the absence of evidence to the contrary, that these parties were acting in their official capacity in making this division; that Swetland was acting as executor, Mrs. Swetland as trustee of the residuary legatees, and Miles as executor of the estate as well as guardian of his minor children, the exceptor herein; we will not presume that any of the parties intended to do a wrong at the time, or throw themselves liable to criminal prosecution.

I have gone over the testimony carefully, submitted to the probate, as to what was said and done by the parties at the time the distribution of the $15,000 was made.

The testimony of Miles who was not only acting as executor of the estate, but guardian of his minor child as well, we think should have no weight with the court in reaching a conclusion in this case. He had no place at this meeting other than in the capacity of executor or guardian of his minor child, and yet he would have the court believe that he was acting in his individual capacity, branding himself as a rogue and a thief of the first magnitude.

Does the testimony of Swetland the other exceptor, bear out his theory of this case, that he should not be charged at this time with the $15,000 distributed without an order of court?

Swetland says that this distribution was made in accordance with the residuary clause of the will giving one third to each of the three grand daughters, and that it was done by Mrs. Swetland the trustee of the grand children; that Mrs. Swetland as trustee and Miles as executor and guardian were both present and took part in the same.

All parties agree that such distribution was made, and the court is satisfied that it was made as testified to by H. C. Swetland, the acting executor, and the question for the court to determine is whether such distribution, made under such circumstatnces, relieves the acting executor from accounting for the same at this time.

When an executor or administrator makes distribution of funds in his hands without an order of the court, he does so at his peril; and in case the funds distributed are required to pay the debts or specific legacies of the estate, he will be chargeable with such funds, in a sum sufficient to pay such debts and legacies.

The only safe course is for the executor to comply with the statute in making distribution, and receive an order and approval of the court; but if he fails to do so, are his acts void, and will he be called upon a second time to account.

As to whether an executor would be charged a second time with funds distributed without an order of the court, depends on whether or not the probate court at the time of distribution was made, on a proper application would have ordered such distribution, or would have approved of such distribution in an account filed by the executor. In either case if approved by the court the executor would be relieved from accounting a second time.

If the conclusion reached by the court, that this distribution was made by the parties in their official capacity, and that Mrs. Swetland received the same as trustee of the three grand daughters, would there be any question, on a proper showing that the debts and specific legacies were paid, but what the court would have approved of such distribution.

After the debts and specific legacies were paid, the right of Mrs. Swetland to receive the residue of the estate as trustee was fixed by the terms of the will. The failure to have an order of the probate court, ordering distribution, can be of no avail, unless it be shown that at the time it would have been different from the distribution which was made.

If this distribution had been brought to the attention of the court, by application or included in an account prior to the pro-

ceedings to contest the will, is there any doubt but what the court would have approved of such distribution? We think not.

If the distribution was unlawful and not in accordance with the will, the same could not stand, and the executor would be held liable; but when it was made in accordance with the terms of the will, and no creditor is here complaining, we think the same should be approved by this court. But it is said that by Section 10850 the executor must produce vouchers for debts and legacies paid, which he has failed to do. In answer to this it will be sufficient to say that this section provides a method by which the evidence of payment may be preserved, but not the only method, and in this case the fact of distribution is admitted to have been made to some one, and this court finds it to have been made to Mrs. Swetland as trustee. The executor should not be charged with the same at this time.

So finding, the twelve exceptions above mentioned are overruled.

Exception No. 8 wherein the executor is charged with failure to account for his own note of $500. presents a question of a different nature. At the time a distribution was made of the $15,000 in securities, this $500 note with accrued interest was turned over to Swetland, as compensation for services claimed to have been rendered by him in caring for the property of the decedent in her lifetime.

Section 10727 provides that no part of the assets of an estate shall be retained by an executor in satisfaction of his own debt or claim, until it has been approved and allowed by the court.

The statute is imperative as to the method for the allowance and payment of the individual claim of an executor; and the legatees and heirs have the right to insist that the law be complied with, in order that they may know whether the claim is a valid claim against the estate. Swetland having failed to comply with the law in this respect, this exception is sustained, and he should be charged with the face of the note and interest.

Exception No. 14, wherein the executor is charged with failure to account for the $1,000. legacy to himself, we think should be sustained.

It is conceded that a legatee must refund when it appears

that the payment was wrongfully made, and we see no reason why an executor should not account for the legacy paid to himself and charge himself with the amount in his account, as the complaining party and the executor are both before the court and a multiplicity of suits is never favored.

We think that Section 10609 G. C. applies to a residuary legatee and not applicable to the facts in this case as to payment of interest and that Section 10635 must govern in this case.

The executor will be charged with this legacy, with interest from the date of the filing of exceptions.

Exception No. 18 relates to the charge of $100. per year as compensation in looking after real estate. While an executor is not required to collect rent on real estate, yet if he does so he will be required to account for same, and in this case he was so authorized by the exceptor and we see no reason why it should not be disposed of in this case. As to the reasonableness of the charge minds might differ; but from an examination of the statements submitted, we find that for the seven years he collected in rents $3,785. and interest from investments of the rent money amounting to $421.57. During this time the execptor paid taxes and made repairs on the Coshocton avenue property in Mt. Vernon. We think the services of the executor were valuable to the estate in the manner in which he managed the property, and from the evidence we are unable to say the charge is unreasonable. This exception will be overruled.

A finding and decree may be entered sustaining the exceptions Nos. 8 and 14 and overruled as the balance.

Exceptions may be noted for both parties.